IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHELLE L. GUNNELS )
)
          Plaintiff, )
)
          v. ) No. 12-0339-SSA-CV-W-MJW
)
CAROLYN W. COLVIN, )
Acting Commissioner, )
Social Security Administration, )
)
          Defendant. )

## ORDER

Plaintiff Michelle L. Gunnels seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on March 4, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff was born in 1968 and was 40 years of age at her alleged onset of disability on December 23, 2008. Plaintiff has a high school education.

The administrative Law Judge (ALJ) found plaintiff to have the severe impairments of osteoarthritis, degenerative disc disease, and left upper extremity pain and radiculopathy. The ALJ found plaintiff's other impairments of asthma, hypertension, diarrhea, hemorrhoids, diabetes and depression to be nonsevere impairments.

Plaintiff alleges the ALJ's determination that she is not disabled is not supported by substantial evidence in the record. Specifically, at the hearing, plaintiff focused her argument on the ALJ's discounting of the opinion of Dr. Dembinski and weight given to the medical opinions of record and the ALJ's failure to properly consider/discuss plaintiff's obesity and radiculopathy in the residual functional capacity (RFC).

2

The Commissioner argues the ALJ's decision is supported by substantial evidence in the record as a whole. Specifically, the Commissioner argued at the hearing that the record has no evidence supporting limitations for obesity; the RFC is consistent with Dr. Garner's consultative examination; the treating physician's opinion is not supported by objective medical evidence; plaintiff's testimony that she lays in bed all day and has a pain level of ten is inconsistent with the record and is exaggeration of her impairments; and the ALJ's RFC properly accounted for plaintiff's limitations related to radiculopathy and obesity.

Upon review, this Court finds the ALJ's decision is supported by substantial evidence in the record as a whole.[2]

The ALJ did not err in the weight given to the medical opinions of record. Although a treating physician's opinion is generally entitled to substantial weight, it does not automatically control in the face of other credible evidence in the record that detracts from that opinion. Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009). An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007). Here, the ALJ properly noted the opinion of the treating physician, Dr. Dembinski, was not supported by objective medical evidence or even Dr. Dembinksi's own treatment records. The ALJ also properly discussed the consultative opinion of Dr. Garner. 20 C.F.R. § 404.1527(e). "It is well settled that an ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment." Harris v. Barnhart, 356 F.3d 926, 931 (8th Cir. 2004). The regulations specifically provide that the opinions of nontreating physicians may be considered. 20 C.F.R. § 404.1527(e). Having determined that Dr. Dembinski's opinion was inconsistent with substantial evidence in the record, the ALJ was clearly authorized to consider the opinions of other physicians. Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006). See also Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007). Further, plaintiff's argument that the ALJ failed to clarify the weight given to Dr. Garner's opinion is without merit; the ALJ specifically credited

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

Dr. Garner's opinion and incorporated it into the RFC, noting that the RFC was supported by Dr. Garner's findings.

The ALJ did not err in not specifically noting in the RFC how he was accommodating for each of plaintiff's impairments. Rather, the ALJ's finding that plaintiff could not do her past relevant work, but could only perform light work with additional limitations to account for her impairments is sufficient to support that the ALJ properly considered plaintiff's impairments in determining her RFC. The ALJ's failure to specifically mention plaintiff's obesity and diagnosis of radiculopathy does not mean the ALJ did not consider it in formulating plaintiff's RFC. Wildman v. Astrue, 596 F.3d at 966.

The ALJ did not err in discounting plaintiff's credibility. The ALJ may properly discount the claimant's testimony where it is inconsistent with the record. Perks v. Astrue, 687 F.3d 1086, 1093 (8th Cir. 2012). Here, the ALJ properly considered plaintiff's alleged symptoms, but determined that plaintiff's allegations as to the severity of her symptoms were not supported by her medical records or the record as a whole, including plaintiff's daily activities and work history. See id. (ALJ properly reached conclusion by taking into account the medical treatment claimant received and claimant's normal activities). An adverse credibility determination by the ALJ is entitled to deference when the ALJ gives good reasons for doing so, which the ALJ did here. See id. See also Renstrom v. Astrue, 680 F.3d 1057, 1067 (8th Cir. 2012).

## Conclusion

For the reasons set forth above, this Court finds that the ALJ's determination that plaintiff is not disabled as defined by the Social Security Act is supported by substantial evidence in the record as a whole.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 8th day of April, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge